UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SWIFTSHIPS LLC, ET AL     CIVIL ACTION

VERSUS     NO: 20-1587

SBN V FNBC, ET AL     SECTION: T(4)

## ORDER

Before the Court is a Motion to Dismiss for Failure to State a Claim filed by SBN V FNBC LLC and Summit Investment Management LLC ("Defendants").[1] Swiftships, LLC, Swiftships Shipbuilders, LLC, ICS Nett, Inc., ICS Nett, Ltd., Swift Group, LLC, Swiftships Group, Inc., Bot, LLC, Shehraze Shah, Khurram Shah, Jeffrey Leleaux, and Calvin Leleaux ("Plaintiffs") have filed an opposition,[2] to which Defendants subsequently filed a reply.[3] For the following reasons, the Motion to Dismiss is **GRANTED IN PART** with respect to Plaintiffs' request for preliminary injunction and **DENIED IN PART** in all other respects.

## FACTS AND PROCEDURAL HISTORY

This matter involves a series of loans extended by FNBC Bank ("FNBC") to Plaintiffs, including "Swiftships" branded entities, a shipbuilding and marine engineering company based in Louisiana. Other named Plaintiffs are borrowers, grantors, and grantors of mortgage and security interests in connection with certain loans that were originally extended to the borrowers by FNBC. Plaintiffs collectively seek declaratory judgment and injunctive relief pursuant to the Federal Declaratory Judgments Act and the Federal Rules of Civil Procedure.[4]

---

[1] R. Doc. 38.
[2] R. Doc. 73
[3] R. Doc. 53.
[4] 28 U.S.C. §§ 2201-02; Fed. R. Civ. P. 57 and 65.

1

In March 2017, FNBC made a series of loans to Swiftships and other named Plaintiffs in the approximate amount of $60 million dollars. Some Plaintiffs executed guarantee agreements for the payment and performance of the loan obligations, while others entered mortgage, deed of trust, or security agreements that granted security or mortgage interest in certain collateral. Predominantly at issue is a preferred mortgage lien in which Swiftships LLC granted FNBC a first preferred ship mortgage in a Vessel named Fastcan-I ("the Vessel").[5] In April 2017, FNBC failed, and the Federal Deposit Insurance Corporation ("FDIC") was named its receiver. Defendant SBN thereafter bought a pool of loans from the FDIC, which included those loans FNBC had made to Plaintiffs.

SBN sent a letter in March 2018 notifying Plaintiffs that they were in default. Plaintiffs and SBN subsequently executed an instrument, entitled "Forbearance and Settlement Agreement," ("FSA"), lowering Plaintiffs' debt to $13,250,000 in exchange for Plaintiffs agreeing to make timely installment payments. Over the ensuing three years the parties amended the FSA three separate times. On March 31, 2020, Plaintiffs failed to submit payment due under the third iteration of the FSA. On April 7, 2020, Defendant SBN sent a letter notifying Plaintiffs of the default. Additional defaults occurred thereafter on April 15 and April 31 and, because of disagreement between the parties as to the default status, Plaintiffs filed their original complaint on June 4, 2020.[6]

Plaintiffs contend that they are not in default under the FSA because Defendants verbally agreed to suspend payments in early March 2020 during the onset of the COVID-19 pandemic. Plaintiffs further raise an impossibility defense, pronouncing the pandemic a "fortuitous event"

---

[5] *See* 46 U.S. Code § 31325 et seq.
[6] R. Doc. 1; Amended Complaint at R. Doc. 3.

2

that made it "impossible" for Plaintiffs to satisfy their monthly payments.[7] Plaintiffs seek a declaratory judgment from the Court declaring the rights and obligations of the parties, and specifically request that the Court enjoin Defendants from foreclosing on the Vessel and Plaintiffs' other collateral. The complaint includes a request for preliminary injunction based on the same set of facts and allegations.

Defendants reject Plaintiffs' claims as a matter of law and deny Plaintiffs' assertion that the parties verbally agreed to suspend payments amid the COVID-19 pandemic. Defendants further note the absence of a signed writing that evidences an agreement to amend the payment obligations under the FSA and argue that Plaintiffs have not alleged facts sufficient to demonstrate "impossibility" as a matter of law. Alternatively, should the Court find the Plaintiffs have pleaded facts sufficient to state a claim for declaratory or injunctive relief, Defendants ask the Court to dismiss Plaintiffs' request for preliminary injunction.

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) provides that a plaintiff's action may be dismissed "for failure to state a claim upon which relief can be granted."[8] Motions to dismiss for failure to state a claim are viewed with disfavor and are rarely granted.[9] To survive a 12(b)(6) motion, the facts must not be merely conceivable but plausible, containing "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[10] In evaluating a complaint under Rule 12(b)(6), the district court should confine itself to the pleadings,[11] and the documents attached to the complaint.[12]

---

[7] Amended Complaint, ¶¶ 19-24, 42-43.
[8] Fed. R. Civ. P. 12(b)(6).
[9] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).
[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).
[11] *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004).
[12] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

A complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[13] Where a complaint is comprised of "naked assertion[s] devoid of 'further factual enhancement,'" the pleading has failed to comply with the requirements of Rule 8.[14] On review, however, the Court construes the complaint in the light most favorable to plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in plaintiff's favor.[15] If factual allegations are insufficient to raise a right to relief above the speculative level, the claim should be dismissed.[16]

The issue before the Court is whether Plaintiffs' complaint for declarative relief adequately states a claim to survive Defendants' motion. The Court finds the pleadings contain sufficient factual allegations to state a plausible claim for declaratory relief. The COVID-19 pandemic disrupted business activity on an unprecedented, global scale and, under the applicable standard, the Court takes Plaintiffs' allegations to be true. Plaintiff borrowers allege financial hardships caused by the pandemic, an allegation that by itself fails to state a claim. The complaint goes further, though, identifying specific dates and detailed communications allegedly made by a named SBN representative pertaining to the FSA. Defendants deny the existence of such conversations, but the Court is bound to construe the complaint in the light most favorable to the Plaintiffs.

While the complaint and associated briefs debate the applicability of assorted provisions of the Louisiana Civil Code, the complaint specifically pleads that "Plaintiffs seek a declaratory judgment from this Court declaring the rights and obligations of the parties as they relate to this

---

[13] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555-57).
[14] *Id*.
[15] *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004) (citing *Herrmann Holdings Ltd. v. Lucent Techs., Inc.*, 302 F.3d 552, 558 (5th Cir. 2002)).
[16] *Twombly*, 550 U.S. at 555.

transaction."[17] Thus, the question is not on the purported statutory merits of the controversy, but whether Plaintiffs' complaint states a claim that is plausible. Here, the pleadings seek a declaratory judgment to resolve "whether Defendants' claims of breach are defeated by the Plaintiffs' affirmative defenses."[18] Indeed, the Court could issue declaratory judgment in favor of Plaintiffs or Defendants, and pursuant to the standard of review and procedural posture of Defendants' 12(b)(6) motion, the Court finds Plaintiffs' complaint sufficiently states a claim for declaratory relief. The Court may determine the legal rights of the parties and whether a breach occurred under the amended FSA at trial.

Turning to Defendants' alternative argument against preliminary injunction, the Court finds Plaintiffs are not entitled to such relief because Plaintiffs have not alleged specific facts sufficient to demonstrate imminent or irreparable harm. Defendants attest that "they have not initiated a foreclosure proceeding, and Plaintiffs have not alleged, and cannot allege, that the Defendants [have] seized, or attempted to seize, any of Plaintiffs' assets."[19] Defendants filed their Motion on August 5, 2020, and have yet to initiate any foreclosure, an action which must be filed before the Court. Because there is no pending and therefore imminent foreclosure action, Plaintiffs' request for preliminary injunction is denied.

---

[17] *See* R. Doc. 3 at 1, 9, "This is an action for declaratory judgment pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201-02, and Rule 57 of the Federal Rules of Civil Procedure, and for injunctive relief pursuant to Rule 65 of the Federal Rules of Civil Procedure."
[18] R. Doc. 52 at 13.
[19] R. Doc. 38-1 at 15.

**CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that Defendants' Motion to Dismiss for Failure to State a Claim is **GRANTED IN PART** with respect to Plaintiffs' request for preliminary injunction and **DENIED IN PART** in all other respects.

**New Orleans, Louisiana**, on this 31st day of March, 2021.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE