UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SWIFTSHIPS SHIPBUILDERS, L.L.C., ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO:   20-1587** |
| **SBN V FNBC LLC, ET AL.** | **SECTION: "T" (4)** |

## ORDER

Before the Court is Defendants' **Motion to Compel Depositions (R. Doc. 104)** filed by Defendants SBN V FNBC LLC ("Lender") and Summit Investment Management LLC (collectively "SBN Parties") seeking an order compelling the depositions of the Rule 30(b)(6) representatives of Swiftships, LLC, Swiftships Shipbuilders, LLC, Swiftships Group, Inc., and Swift Group, LLC (collectively "Swiftships Entities"), ICS Nett, Inc. and ICS Nett, Limited (collectively "ICS Entities"), BOT, LLC ("BOT"), and the depositions of Khurram Shah, Shehraze Shah, and Jeffrey Leleux, individually, and in his capacity as the independent administrator of the Succession of Calvin Leleux (collectively, the "Individual Parties"). Plaintiffs Swiftships, LLC; Swiftships Shipbuilders, LLC; Swift Group, LLC; and Swiftships Group, Inc. oppose the motion. R. Doc. 121. There is no opposition from the ICS Entities, BOT, Khurram Shah, Shehraze Shah, and Jeffrey Leleux. This motion was set for submission on May 26, 2021 and heard on the briefs.

**I.    Background**

On June 1, 2020, Plaintiffs filed this action for declaratory judgment pursuant to the Ship Mortgages Act. R. Doc. 1. Plaintiffs own a shipyard that produces assets for the U.S. Military. *Id.*

Beginning in March of 2017, First NBC Bank of Commerce ("FNBC") made a series of loans to Swiftships, Shipbuilders, ICS Nett, BOT, and Shehraze Shah (collectively, the "Borrowers") in an approximate amount of $60 million dollars, to facilitate their continuing

operations, with each loan in the series being represented by a promissory note of varying amount, each being executed over the course of a period of years, and certain loans personally guaranteed by Swiftships, Shipbuilders, ICS Nett, ICS Limited, Swiftships Group, BOT, Khurram Shah, Shehraze Shah, Calvin Leleux , and Jeffrey Leleux (the "Guarantors"). *Id.*

In April 2017, FNBC closed and Federal Deposit Insurance Corporation ("FDIC") was named receiver. *Id.* Defendant SBN entered into a loan sale agreement in October of 2017 by which it purchased a pool of loans from the FDIC that included the loans FNBC had made to Borrowers. *Id.*

On June 5, 2018, Plaintiffs and SBN executed an instrument entitled "Forbearance and Settlement Agreement" under the terms of which the parties compromised the claims of SBN to the sum of $13,250,000.00, which Borrowers agreed to pay in installments. *Id.* Thereafter, on June 20, 2019; October 21, 2019; and January 17, 2020, Plaintiffs and SBN executed three amendments to the FSA. *Id.*

Borrowers are military contractors building vessels to serve the vital interests of the United States. *Id.* Borrowers receive "milestone" payments pursuant to certain military contracts upon inspection of Borrower's work by Army and Navy officers stationed at Borrowers' premises ("Milestone Payments"). *Id.*

In mid-March 2020, an outbreak of the virus designated Covid-19 became an unprecedented viral pandemic in the United States (the "Covid-19 Pandemic"). *Id.* As a consequence of the Covid-19 Pandemic, and the resulting governmental response, the Army and Navy officers who perform inspections of the Borrowers' work were not permitted by the United States to remain at Borrowers' premises and were recalled to Washington, D.C. *Id.* As a result, inspections and resultant Milestone Payments were halted. *Id.*

As such, in early March of 2020, Borrowers commenced discussions with SBN, advising of its temporary business interruption and requested that its payments to SBN be suspended during the pandemic pursuant to a proposed fourth alleged FSA. *Id.* Plaintiffs contend that in light of this predicament Defendants' representative, Michael Furlong, verbally agreed to suspend payments. *Id.*

On April 3, 2020, Plaintiffs sent an email inquiring whether there would be a suspension of payments to Michael Furlong, the officer at SBN who allegedly agreed to the suspension. *Id.* SBN did not respond to this email, and instead, on April 7, 2020, forwarded to Borrowers a Notice of Default and Reservation of Rights ("Notice of Default") signed by Michael Furlong, as representative of Defendant SBN. *Id.*

When Plaintiffs called to inquire about the Notice of Default Furlong allegedly told Plaintiffs it was "nothing to worry about," that the Notice of Default was "just routine operating procedure," and that the Borrowers should "disregard it." *Id.* Still, when Plaintiffs offered to pay off the entire balance due to SBN pursuant to the Third Amendment to the FSA, SBN rejected the payment and Furlong advised a bigger undisclosed amount was being requested. *Id.*

Plaintiffs contend Furlong's correspondence, and other emails, demonstrate SBN's implicit written agreement to a suspension of payments during the Covid-19 Pandemic. *Id.* Plaintiffs also contend that the verbal agreement to suspend payments that occurred during a conference call was explicit. *Id.* As such, Plaintiffs seek an injunction to prevent, *inter alia*, foreclosure on the ship subject to a preferred ship mortgage, which has since been dismissed as this is not an *in rem* action. *See* R. Docs. 1, 87. Plaintiffs contend that the Covid-19 Pandemic constitutes a force majeure or fortuitous event that entitle Plaintiffs to suspend performance on a temporary basis. *Id.* Plaintiffs

3

also contend that the Covid-19 Pandemic has rendered their ability to perform their obligations under the contract temporarily impossible. *Id.*

The Defendants contend that the Plaintiffs failed to pay the payment that was due on March 31, 2020, under the Third Amendment to the Forbearance Agreement, and unless the Plaintiffs cured the payment default within ten (10) days of the notice, the forbearance would terminate and the full amount of the indebtedness owed in connection with the Loans would become immediately due and payable. R. Doc. 71-1, p. 4.

Defendants contend that any alleged verbal agreement to extend the payment terms or otherwise modify the Forbearance Agreement is unenforceable as a matter of law under the Louisiana Credit Agreement Statute ("LCAS"). R. Doc. 38. In addition, on September 18, 2020, Lender filed its Counterclaim for breach of contract as a result of the Plaintiffs' defaults in connection with the Loans and requested judgment for amounts owed under the Loans and recognition of Lender's liens, mortgage, deed of trust, and security interests that secure the payment and performance of Plaintiffs' obligations under the Loans. R. Docs. 54-56.

In connection with this motion, Defendants contend that they have vehemently been trying to schedule depositions with both the various individual and entity Plaintiffs. R. Doc. 104, pp. 1-2. Unfortunately, on April 24, 2021, the individual Plaintiffs' and, at the time, co-counsel for the entity Plaintiffs' counsel, Nicholas LaRocca, died. R. Doc. 104, p. 2. Plaintiffs remaining counsel, Stewart Peck, indicated a few days later that no depositions would occur until new counsel was retained to replace LaRocca. *Id.*

In that same conference, Plaintiffs also indicated that they would be filing a motion to extend trial deadlines in light of LaRocca's untimely death. *Id.* While the Court ultimately granted

that motion, moving the trial date to August 30, 2021, the discovery deadline was not modified. R. Doc. 124. As such, the discovery deadline is still set for June 17, 2021. R. Doc. 95.

Defendants maintain that, while sympathetic to the death of Mr. LaRocca, they can no longer allow further delays to the depositions in light of the trial deadlines. R. Doc. 104, p. 3. Defendants also seek attorneys' fees associated with the filing of this motion. *Id.*

In opposition, the Swiftships entities state that the motion should be denied, and further time should be provided to all the non-Swiftships entities time to secure replacement counsel. R. Doc. 121. p. 121. Counsel for Swiftships also noted at the beginning of May that many of the corporate representatives were in the Middle East to celebrate Eid and Ramadan with their families. R. Doc. 121-1, p. 3. Plaintiffs seek the ruling on this motion be deferred until the ruling on their motion to extend deadlines, which now has been decided. R. Doc. 121, p. 3.

**II.**     **Standard of Review**

Federal Rule of Civil Procedure ("Rule") 30 governs the requirements for depositions by oral examination, allowing a party to "depose any person, including a party, without leave of the court" except in certain cases where the parties have not stipulated to the deposition and if the deponent is confined in prison. Fed. R. Civ. P. 30(a)(1)-(2). Generally, notice for a deposition requires that the party requesting deposition "give reasonable written notice to every other party.... stat[ing] the time and place of the deposition and, if known, the deponent's name and address." Fed. R. Civ. P. 30(b)(1).

Rule 30(b)(6) "allows parties to obtain testimony from a corporation provided the party describes with reasonable particularity with the matters for examination." *Woodward v. Lopinto*, CIV.A. No. 18-4236, 2020 WL 3960396, at *3 (E.D. La. July 13, 2020)(citing Fed. R. Civ. P. 30(b)(6)). Thereafter, the named organization "must then designate one or more officers, directors

or managing agents, or designate other person who consent to testify on its behalf; and it may set out the matters on which each person designated will testify." Fed. R. Civ. P. 30(b)(6); *Id.*; *see also Brazos River Auth. V. GE Ionics, Inc.*, 469 F.3d 416, 433(5th Cir. 2006).

Rule 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). A motion may be made if a deponent fails to answer a question or a corporation or other entity fails to make a designation under Rule (30(b)(6). Fed. R. Civ. P. 37(a)(3)(B)(i)-(ii).  In addition, to alleging that the responding party has failed to properly cooperate with discovery, a motion to compel under Rule 37(a) must also "included a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

### III.   Analysis

Here, the Court extends condolences for the unexpected passing of Plaintiff's counsel, Nicholas LaRocca. From the opposition provided by the Swiftships entities it is clear to the Court, however, that the battle is not about whether the depositions should happen, but when the depositions should happen.

First, the Court notes that the motion to extend deadlines and modify the scheduling order was decided on May 21, 2021. R. Doc. 124. In that order, the Court pushed the trial date until August 30, 2021. *Id.* The Court, however, did not modify the discovery deadline. *Id.* As such, the discovery deadline remains June 17, 2021. *Id.* Moreover, while the Court is conscious of Plaintiffs' religious traditions, both Eid and Ramadan have since ended. Finally, the Court notes that Mr. LaRocca died now more than a month ago. Ample time has elapsed for Plaintiffs to secure new counsel. In light of these considerations, the Court will compel the both the 30(b)(6) depositions

and the depositions of the individual Plaintiffs. These depositions shall occur no later than June 10, 2021, one week before the discovery cutoff.

The Court now considers the imposition of attorneys' fees. Rule 37 provides when a motion to compel is granted that the Court must award payment of expenses unless ". . .other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37 (a)(5)(A)(iii).

Here, the Court finds the unexpected death of Mr. LaRocca qualifies as a circumstance that renders the award unjust as it was out of the control of the Plaintiffs. The Court, therefore, declines to award attorneys' fees.

### IV.   Conclusion

Accordingly,

**IT IS ORDERED** that the Defendants' **Motion to Compel Depositions (R. Doc. 104)** is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that the motion is **GRANTED** to the extent that Swiftships Entities, ICS Entities, BOT shall appear for their 30(b)(6) deposition **no later than June 10, 2021**.

**IT IS FURTHER ORDERED** that the motion is **GRANTED** Khurram Shah, Shehraze Shah, and Jeffrey Leleux shall appear for their individual depositions **no later than June 10, 2021**.

**IT IS FURTHER ORDERED** that the motion is **DENIED** to the extent it seeks an award of attorneys' fees.

New Orleans, Louisiana, this 2nd day of June 2021.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**